JOEL S. FARKAS, ESQ. (S.B. # 244032)
jojo@licit.us
5404 Whitsett Avenue #46
Valley Village, California 91607
Tel:   (310) 621-6654
Fax:   (818) 495-2513

Attorney for Plaintiff Bruce Boyer

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE BOYER, an individual, | Case No.: |
| Plaintiff, | COMPLAINT FOR: |
| vs. | 1.    VIOLATION OF 42 U.S.C. § 1983 |
| CITY OF WESTLAKE VILLAGE; and DOES 1 through 50, inclusive, | |
| Defendants. | [DEMAND FOR JURY TRIAL] |

Plaintiff Bruce Boyer alleges as follows:

**Jurisdiction and Venue**

1.      All of the relevant events and circumstances occurred in the County of Los Angeles, and the United States District Court for the Central District of California has jurisdiction over this action pursuant to 28 U.S.C. § 1343.

**Parties**

2.      Plaintiff Bruce Boyer ("Boyer") is now and, at all times relevant herein, was a resident of the State of California, County of Ventura.

3.      Plaintiff is informed and believes and, based thereon, alleges that Defendant City of Westlake Village ("City") is and, at all relevant times, was a municipality

chartered and existing under the laws of the State of California.

**Doe Defendants**

4.     Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as DOES and therefore sues these Defendants by such fictitious names.  Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and, based thereon, alleges that each of the fictitiously named Defendants is negligently, contractually, or otherwise responsible, directly or indirectly, in whole or in part, for the occurrences alleged in this complaint, and Plaintiff's injuries, as alleged herein, were proximately caused by the actions of such DOE Defendants.

5.     Plaintiff is informed and believes and, based thereon, alleges that, at all times relevant herein, each of the Defendants identified herein, including, but not limited to, those named as DOES, were acting as agents, principals, representatives, proxies, guardians, surrogate, alter egos, or otherwise, on behalf of the other Defendants, collectively or individually, and thus, each such identified Defendants, including, but not limited to those names as DOES, are individually or collectively, directly or indirectly, in whole or in part, or vicariously or otherwise liable for the acts or omissions of the other Defendants, individually or collectively.

**Relevant Facts**

6.     Plaintiff Boyer is currently campaigning to be elected to the United States House of Representatives in the current election scheduled for March 5, 2024. In early November, 2023, Plaintiff Boyer placed bicycles with signs ("Sign Bikes") advertising his candidacy in the City of Westlake Village.  Specifically, the Sign Bikes contained signs stating "Boyer for Congress".  Between November 13 and November 25, 2023, Plaintiff Boyer discovered that the City had removed and impounded the Sign Bikes. However, the City had violated provisions of the California Vehicle Code in the process of removing the Sign Bikes.

1      *A. The Mobile Billboard Laws.*

2     7. Veh. Code § 231 defines a bicycle as "a device upon which a person may

3   ride, propelled *exclusively by human power* . . . through a belt, chain, or gears, and

4   having one or more wheels."  (Emphasis added).  Veh. Code § 670 defines a "vehicle" as

5   "a device by which any person or property may be propelled, moved, or drawn upon a

6   highway, *excepting a device moved exclusively by human power* . . . ." (Emphasis

7   added).  Thus, a bicycle *is not* a vehicle under the Vehicle Code.

8     8. The City claimed that it removed the Sign Bikes, in part, under the

9   supposed authority of Veh. Code § 22651.  However, this statute does not apply to

10  bicycles.  Veh. Code § 22651 first states, in relevant part:

11      "A peace officer . . . or a regularly employed and salaried

12      employee who is engaged in directing traffic or enforcing

13      parking laws and regulations of a city, county, or jurisdiction

14      of a state agency in which a *vehicle* is located may remove a

15      *vehicle* located within the territorial limits in which the officer

16      or employee may act, under the following circumstances . . . "

17  (Emphasis added).

18    9. Veh. Code § 22651(v)(1) adds that a vehicle may be removed:

19      "If a *vehicle* is a mobile billboard advertising display, as

20      defined in Section 395.5, and is parked or left standing in

21      violation of a local resolution or ordinance adopted pursuant to

22      subdivision (m) of Section 21100, if the registered owner of

23      the vehicle was previously issued a warning citation for the

24      same offense pursuant to paragraph (2)."

25  (Emphasis adddded).

26    10. Veh. Code § 395.5 further states that "[a] "mobile billboard advertising

27  display" means an advertising display that is attached to a . . . bicycle, that carries, pulls,

28  or transports a sign or billboard, and is for the primary purpose of advertising."

11.     Thus, while Veh. Code § 395.5 definition of a "mobile billboard advertising display" includes bicycles, the authority granted by Veh. Code § 22651(v)(1) only applies to a "mobile billboard advertising display" which is also a vehicle, and a bicycle is not vehicle pursuant to Veh. Code § 670.

12.     Even if these statutes applied to bicycles, the California Vehicle Code imposes certain limitations and requirements breached by the City.  Veh. Code § 22507(a) provides, in relevant part, that:

>    "Local authorities may, by ordinance or resolution, prohibit or
>    restrict the stopping, parking, or standing of vehicles . . . on
>    certain streets or highways, or portions thereof, during all or
>    certain hours of the day.  . . .  With the exception of alleys, *the*
>    *ordinance or resolution shall not apply until signs or markings*
>    *giving adequate notice thereof have been placed.* "

(Emphasis added).

13.     Veh. Code § 22651(v)(2) provides a limited exception to the previous statute:

>    "Notwithstanding subdivision (a) of Section 22507, a city or
>    county, in lieu of posting signs noticing a local ordinance
>    prohibiting mobile billboard advertising displays adopted
>    pursuant to subdivision (m) of Section 21100 *may provide*
>    *notice by issuing a warning citation advising the registered*
>    *owner of the vehicle that they may be subject to penalties upon*
>    *a subsequent violation of the ordinance that may include the*
>    *removal of the vehicle as provided in paragraph (1)."*

(Emphasis added).

14.     The authority to remove a "vehicle" under Veh. Code § 22651 only arises *after* the registered owner is issued the warning citation: "If a *vehicle* is a mobile billboard advertising display, . . . and is parked or left standing in violation of a local . . .

ordinance . . ., *if the registered owner of the vehicle was previously issued a warning citation* for the same offense pursuant to paragraph (2)."  Veh. Code § 22651(v)(1) (emphasis added).

      15.    After a "vehicle" is removed, it must be taken to a storage location:
"Whenever an officer or employee removes a vehicle from a highway, or from public or private property, unless otherwise provided, he shall take the vehicle to the nearest garage or other place of safety or to a garage designated or maintained by the governmental agency of which the officer or employee is a member, where the vehicle shall be placed in storage."
Veh. Code § 22850.

      16.    After the "vehicle" is stored, the registered owner must be given notice of a right to post storage hearing.  Specifically, Veh. Code § 22852(a) provides that "[w]henever an *authorized member of a public agency* directs the storage of a vehicle, . . . *the agency* or person directing the storage shall provide the vehicle's registered and legal owners of record, or their agents, with the opportunity for a poststorage hearing to determine the validity of the storage."

      17.    The "notice of the storage shall be mailed or personally delivered to the registered and legal owners within 48 hours," and it must contain "[a] statement that, in order to receive their poststorage hearing, the owners, or their agents, shall request the hearing in person, writing, or by telephone within 10 days of the date appearing on the notice."  Veh. Code § 22852(b)(4).  "The poststorage hearing shall be conducted within 48 hours of the request, excluding weekends and holidays. The public agency may authorize its own officer or employee to conduct the hearing if the hearing officer is not the same person who directed the storage of the vehicle."

      *B.    The City's Statutory And Constitutional Violations.*

      18.    As noted, the City took the Sign Bikes between November 7 and November 14, 2023, under the ostensible authority of Veh. Code § 22651.  However, this statute

only applies to "vehicles," and bicycles are not "vehicles," as defined in Veh. Code § 670.  The City, therefore, lacked the authority to seize Plaintiff Boyer's Sign Bikes.

19.   Even if Veh. Code § 22651 applied to the Sign Bikes, only a "peace officer" or "a regularly employed and salaried employee who is engaged in directing traffic or enforcing parking laws and regulations . . . may remove" a vehicle.  Here, the City employee who directed the removal of the Sign Bikes was neither a "peace officer" or "a regularly employed and salaried employee who is engaged in directing traffic or enforcing parking laws and regulations".

20.   Furthermore, the City could only seize the Sign Bikes if (1) it had posted signs warning of the potential removal of the bikes, or (2) the City first issued a warning citation notifying the owner that bikes could be removed.  Here, there were no such signs in the vicinity of the area where Plaintiff Boyer left the Sign Bikes, and he was not issued the mandatory preliminary warning citation.  See Veh. Code §§ 22507(a), 22651(v)(2).

21.   In breaching the relevant Vehicle Code provisions, the City abrogated Plaintiff's right of free speech – guaranteed under the First Amendment of the United States Constitution – with respect to the message on the Sign Bikes about his candidacy for election to the United States House of Representatives.

**First Cause of Action**
Violation of Federally Protected Rights under 42 U.S.C. § 1983
(By Plaintiff Bruce Boyer against all Defendants)

22.   Plaintiff restates paragraphs 1 through 21 as if fully set forth herein, and incorporates same by reference.

23.   First and Fourth Amendment rights, and violations of procedural due process are within the protective ambit of 42 USC §1983, and for which Plaintiff seeks redress.  The First Amendment protects the freedom of speech. The Fourth Amendment of the United States Constitution protects persons from being subjected to unlawful seizure of their personal property.  Procedural due process requires government officials

to follow fair procedures before depriving a person of life, liberty, or property.

24.    Defendant, while acting under the color of state law, has unlawfully seized Plaintiff's sign-bikes and threatens to continue to do so. The persistent conduct of Defendant's public employees in continuing to wrongfully seize Plaintiff's sign-bikes have deprived him of his substantive rights.

24.    As a direct and proximate cause of Defendant's actions, Plaintiff has suffered damages including monetary loss, the loss of time in seeking to retrieve his wrongfully seized property, and the deprivation of his primary means of communication with the electorate, as well as emotional distress.

25.    Plaintiff has also suffered damages in excess of the minimum established for this Court, in an amount to be determined at time of trial.

WHEREFORE, Plaintiff requests that the Court:

### First Cause of Action

1.    Award Plaintiff damages, in an amount to be proven at time of trial and;

2.    Award Plaintiff his costs of suit and attorneys fees, pursuant to 42 U.S.C. § 1988.

3.    A permanent injunction barring Defendant City of Westlake Village from seizing Plaintiff's Bike Signs.

### All Causes of Action.

3.    Award Plaintiff such other and further relief as the Court deems just and proper.

JOEL S. FARKAS, ESQ.

Dated: January 15, 2024        by: _____
                                    Joel S. Farkas
                                    Attorney for Plaintiff Bruce Boyer

<u>DEMAND FOR JURY TRIAL</u>

Plaintiff Bruce Boyer hereby demands a trial by jury of his claims in this action.

JOEL S. FARKAS, ESQ.

Dated: January 15, 2024          by: _____

Joel S. Farkas
Attorney for Plaintiff Bruce Boyer

COMPLAINT

8